**ROBERT GIUSTI, ESQ. & ASSOCIATES, PLLC**
**42-40 BELL BLVD., SUITE 601**
**BAYSIDE, NEW YORK 11361**
**Tel: (718) 224-5431**
**Fax: (718) 224-2938**

Robert Giusti, Esq.
_____

Katie Ambroziak, Esq.                                                  Email: Katie@Giustilaw.com
_____

Michael Shatinsky
    Paralegal

October 4, 2013

Magistrate Judge James Orenstein
United States District Court
225 Cadman Plaza East
Chambers: Room 1227 South
Brooklyn, New York 11201
*Via ECF*

RE:   Alzal Corp. v. International Freight Corp. et al.
      Docket No.: 13 CV 002577

Dear Judge Orenstein:

      This office represents the Plaintiff, Alzal Corp., in the above-referenced matter. Pursuant to your Honor's instructions Plaintiff must show cause in writing why your Honor should not recommend to the assigned District Judge that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      The Defendants International Freight Corp. and Ultimate Body and Transport, Inc. are both New York corporations. The Defendant International Freight Corp. was served at its principal place of business on April 30, 2013 and subsequently through the Secretary of State on May 6, 2013. The Defendant Ultimate Body and Transport, Inc. was served at its principal place of business on April 30, 2013 and subsequently through the Secretary of State on May 6, 2013.

      In or about June, 2013 I received a call from an attorney on behalf of Ultimate Body and Transport, Inc. This attorney indicated that he met with a woman on behalf of Ultimate Body and Transport and was inquiring regarding the Plaintiff's claims. This attorney requested that any and all paperwork substantiating Plaintiff's claims in the possession of the Plaintiff be forwarded to him for review. I advised counsel that this office would not engage in pre-answer discovery and a Notice of Appearance and Answer must be filed so we could set up a discovery schedule and proceed accordingly. This attorney called a second time in June 2013 and inquired once more about engaging in pre-answer discovery. I renewed my request for counsel to file a Notice of Appearance and Answer. At this time counsel advised that although admitted to practice law

1

in New York he was not admitted in Federal Court and would instruct Ultimate Body and Transport, Inc. to retain counsel admitted in Federal Court and proceed accordingly.

The defendant Metropolitan Shipping Logistics is a New Jersey corporation. On May 13, 2013 Plaintiff attempted to serve Defendant Metropolitan Shipping Logistics at its last known address located at 1160 State Street, Building 8A, Perth Amboy, NJ 08861. This address is a commercial building housing several corporations. Security stated that the suite occupied by Metropolitan Shipping Logistics is currently vacant as Metropolitan Shipping Logistics moved from this address in the middle of the night leaving no forwarding address information. On June 27, 2013 Plaintiff served Defendant Metropolitan Shipping Logistics through its Registered Agent, Spiegal & Ultera, Esqs., located at 642 Broad Street, Suite 2, Clifton, NJ 07013.

The Plaintiff did not want to move for a default against any of the named defendants until all parties were served and had an opportunity to file an Answer. The Plaintiff wanted to make one application to the Court with regards to all non-answering parties. The last Defendant served, Metropolitan Shipping Logistics, had until July 18, 2013 to file an Answer.

Subsequent to July 18, 2013, I was contacted by a woman named Bella from Ultimate Body and Transport, Inc. She asked for all paperwork in Plaintiff's possession substantiating Plaintiff's claims against all named Defendants. I told her that I advised her counsel that this firm would not engage in pre-answer discovery and that she must hire new counsel to defend Ultimate Body and Transport, Inc. and interpose an Answer to this lawsuit. She indicated that her company was in contact with International Freight Corp. regarding this matter and that both corporations would be hiring counsel to defend this action.

This office pleads with this Court that there has not been a failure to prosecute by the Plaintiff. The Plaintiff had trouble serving one of the named defendants and was contacted several times regarding the remaining two defendants interposing an answer. Plaintiff thought it would be futile to make an application for a default and then have the Defendants interpose an Answer soon thereafter. This office requests that it be given up to and including November 8, 2013 to make an application for default judgment and proceed accordingly.

Very truly yours,
Robert Giusti, Esq. & Associates, PLLC

By: Katie Ambroziak, Esq.

2