

**MAVRONICOLAS MUELLER & DEE LLP**
ATTORNEYS AT LAW

December 12, 2013

**VIA ECF**
Hon. Judge Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:    *Alzal Corp. v. International Freight Corp., et al.,*
               Docket No. 13 Civ. 2577

Dear Judge Chen:

      We are attorneys for defendant I.F.C. International Freight Corp. (incorrectly named in the Complaint as "International Freight Corp.") (hereinafter referred to as "I.F.C").  We write to request that the Court set aside the Clerk's Entry of Default, dated November 5, 2013 (Dkt. No. 11) for good cause pursuant to Fed. R. Civ. P. Rule 55(c).

      Good cause exists here on a number of grounds, the foremost being this Court's lack of subject matter jurisdiction over the action.  On its face, plaintiff's Complaint asserts state law causes of action for conversion and punitive damages, and premises this Court's subject-matter jurisdiction on the diversity of the parties under 28 U.S.C. §1332. (Complaint, Dkt. No. 1, ¶ 4). However, the Complaint asserts that plaintiff and defendants I.F.C. and Ultimate Body Transport, Inc. are New York corporations. (*Id.* at ¶¶ 1-2).  Under 28 U.S.C. §1332, "'Citizens of different States' means that there must be complete diversity, *i.e.*, that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51 (2d Cir. N.Y. 2009) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996)).  Thus diversity jurisdiction is lacking, and under Fed. R. Civ. P. Rule 12, if this Court determines that it lacks subject-matter jurisdiction, it "must dismiss the action."

      Other grounds providing good cause to set aside the Clerk's entry of default include, but are not limited to, the improper service of summons and complaint.  The purported personal service of the Summons upon I.F.C. was not executed by the Clerk of Court, and subsequent service through the Secretary of State was apparently sent to a different entity, the "International Freighting Corporation" and was not received by I.F.C..

      Therefore, in the event the Court does not *sua sponte* dismiss this action for lack of subject matter jurisdiction, I.F.C. requests leave to file an opposition to Plaintiff's Motion for

Default Judgment (Dkt. No. 12) to fully brief the issue of good cause for the relief requested and defend this action on the merits.

Respectfully,

/s/ Peter C. Dee
Peter C. Dee

cc: **VIA ECF**
Robert F. Giusti
Katie E. Ambroziak
*Attorneys for Plaintiff*