**ROBERT GIUSTI, ESQ. & ASSOCIATES, PLLC**
**42-40 BELL BLVD., SUITE 601**
**BAYSIDE, NEW YORK 11361**
Tel: (718) 224-5431
Fax: (718) 224-2938

Robert Giusti, Esq.

_____

Katie Ambroziak, Esq.　　　　　　　　　　　　　　　　　　　Email: Katie@Giustilaw.com

_____

Michael Shatinsky
　　Paralegal

December 17, 2013

Magistrate Judge James Orenstein
United States District Court
225 Cadman Plaza East
Chambers: Room 1227 South
Brooklyn, New York 11201
*Via ECF*

RE:　Alzal Corp. v. International Freight Corp. et al.
　　　Docket No.: 13 CV 002577

Dear Judge Orenstein:

　　　This office represents the Plaintiff, Alzal Corp., in the above-referenced matter. This letter shall serve as Plaintiff's response to Defendant, International Freight Corp.'s request that the Court set aside the Clerk's Entry of Default for good cause.

　　　The Defendant incorrectly states this Court lacks subject matter jurisdiction over this action. The Defendant, International Freight Corp., is a common carrier under maritime law. International Freight Corp. transports goods to foreign countries over international waters. This action arose when Plaintiff, Alzal Corp., assigned its vehicle to defendant, Metropolitan Shipping Logistics for transport overseas. Metropolitan Shipping Logistics through its shipping agent, International Freight Corp., then attempted to ship the vehicle out of the country without allegedly having the proper title documents with which to do so. The vehicle was seized by US Customs officials in Europe and returned to the United States to the defendant International Freight Corp. The Defendants then committed conversion by refusing to return the goods seized by US Customs to the Plaintiff. This lawsuit involves a federal question of law.

　　　With regards to service, the Defendant International Freight Corp. was served at its principal place of business on April 30, 2013 and subsequently through the Secretary of State on May 6, 2013. Although not required the Plaintiff served this particular Defendant seeking relief from the default on two separate occasions. It is not disputed by counsel for International Freight Corp. that service was effectuated at its principal place of business and received by the Defendant. This particular Defendant has known about this lawsuit for several months and

1

neither requested an extension of time to put in an answer nor moved with respect to the complaint. I spoke to a woman who identified herself as Bella, an employee of International Freight Corp., right after service was effectuated upon the Defendant. This Defendant chose not to seek an extension of time or hire counsel to file an answer in this action. In addition, counsel for Defendant has personally contacted our office and yet failed to request relief from the default prior to December 12, 2013.

It should be noted that counsel only seeks to open the default against one of the named defendants. The Defendant, International Freight Corp., has waived its right under the Federal Rules of Civil Procedure to seek the relief it requests in its letter.

Very truly yours,
Robert Giusti, Esq. & Associates, PLLC

By: Katie Ambroziak, Esq.

2